### AVERETT *v.* WALKER.

The portion of the charge excepted to, when considered in connection with its context and with the entire charge sent up as a part of the record, was not fairly subject to the criticism made thereon; the exclusion of the evidence in question was not error; and the verdict was not without evidence to support it.

            Argued July 24,—Decided November 24, 1908.

Action for breach of contract.   Before Judge Whipple.   Wilcox
superior court.   November 20, 1907.

*Hal Lawson,* for plaintiff.

*Max E. Land* and *Eldridge Cutts,* for defendant.

FISH, C. J.   This writ of error brings under review the overruling of plaintiff's motion for a new trial, in an action brought by Averett against Walker for the breach of a contract which plaintiff alleged defendant made with him.   Plaintiff's contention, in substance, was:   He sold to Reynolds certain described personalty, constituting a brick-making outfit, and took Reynolds's notes for the purchase-price, retaining title to the property until the payment of these notes.   The contract of sale was in writing and exe-

cuted in duplicate, each of the parties thereto retaining a copy.
Shortly after this contract was executed, and before the maturity
of any of the notes, Reynolds sold and transferred all his interest
in the property in question to defendant, Walker, the assignment
or transfer being in writing, and, for a description of the property
to which it related, referring to the prior contract made between
Averett and Reynolds, and in this connection containing the fol-
lowing recital: "which said contract is hereto attached and made a
part of this agreement; and it is hereby further agreed that the
said Jonathan Walker assumes the payment of the note described
in said contract between said L. C. Averett and Joe Reynolds."
Although this contract was not signed by Walker, he, subsequently
and after taking possession of the property thereunder, agreed
with Averett to carry out the stipulation in this last-mentioned
contract, that he should pay Averett the indebtedness due him by
Reynolds for the property, and Averett thereupon, and in considera-
tion of such agreement by Walker, released Reynolds from such
indebtedness.   Plaintiff submitted evidence tending to prove his
contentions.   The defendant contended that he never agreed to
pay Reynolds's indebtedness to plaintiff, that he never made any
contract whatever with plaintiff in reference to the property in
question; that the only contract he ever entered into with Rey-
nolds in reference to it was that he, the defendant, and another
were, for a stated consideration paid Reynolds, to have the use
of the property for the purpose of making a kiln of brick; that
he was illiterate, being unable to read or write; that he refused
to sign the instrument wherein Reynolds assigned his interest in
the property to him, and while he subsequently found such in-
strument among his papers, he could not recall how it came to be
there, and that there was never attached to it, so far as he knew,
a copy of the contract between Reynolds and Averett.   The evi-
dence submitted in behalf of defendant tended to sustain his
contentions.   The special grounds of the motion for a new trial
assigned error upon a portion of the charge and in the admission
of evidence.

1.   The motion for a new trial complained that the court, after
charging the jury that a promise to answer for the debt, default,
or miscarriage of another is not binding unless signed by the party
to be charged therewith, or by some person lawfully authorized,

gave, in the same connection, this further instruction: "Under this law, even a delivery of the paper signed by the opposite party is not sufficient, but the party who is to be bound by it must have signed it." The assignments of error upon this quoted instruction were: (1) That it was not adjusted to any issue in the case. (2) That the only paper to which it could refer was the instrument wherein Reynolds assigned his interest in the brickmaking outfit to the defendant, Walker, the acceptance of which by him bound him by the terms thereof, notwithstanding the fact that he did not sign it. (3) That in effect it instructed the jury that, under the circumstances, there was no binding contract between Reynolds and Walker whereby the latter assumed the indebtedness of the former to Averett.

The meaning of this excerpt from the charge of the court, as applied to the case, is not clear, but we do not think it was fairly subject to the criticisms made upon it in the motion. The court, in a marginal note to this ground of the motion, refers to the entire charge, which comes up with the record in the case. We find, upon an inspection of the whole charge, that the court clearly and fairly stated to the jury the contentions of the parties, and, in immediate connection with that portion of the charge excepted to, fully and correctly instructed the jury as to the law relating to all such contentions; and therefore we are confident that, notwithstanding the obscure meaning of the excerpt in question, the jury were not misled thereby to the plaintiff's injury, and that the giving of the same was not cause for a new trial.

2. Another ground of the motion for a new trial was, that the court refused to rule out all the testimony of the defendant, Walker, relative to the terms of the contract between himself and Reynolds, upon the ground that such contract was in writing and the writing the highest and best evidence of its contents, and the oral testimony of Walker varied such written instrument. The testimony sought to be excluded was to the effect that he, Walker, paid Reynolds $70 simply for Reynolds to get out and allow witness, Walker, and Judge Land to make a kiln of brick, and that he, Walker, did not agree to the terms of the written instrument signed by Reynolds and purporting to be a conveyance by him to Walker of all his interest in the brick-making machinery. Walker never signed this instrument, and he, as well as Land, testified that he

expressly declined to sign it and to enter into the agreement by which he was to pay plaintiff what Reynolds owed him as purchase-money for the machinery. Walker testified that he never bought the machinery or offered to buy it from any one, that he never had it in his possession or control, that he had no use for it, and that while he found among his papers the instrument which Reynolds signed, purporting to convey to him Reynolds's interest in the machinery, he, Walker, could not account for such instrument being among his papers, as he had no recollection of its ever having been delivered to him. In view of this testimony, it was not error to refuse to rule out the testimony of Walker as to the parol contract which he claimed he made with Reynolds with reference to the machinery, although the ruling was made before the testimony of Land and some of that of Walker, above referred to, had been submitted.

3. Complaint was made that the court erred in permitting Walker to testify, in reference to the machinery, over plaintiff's objection of irrelevancy, as follows: "The first time I saw it they were making brick but mighty sorry." The quality of the brick that were being made when defendant first saw the machinery would seem to throw no light upon any issue in the case, but, admitting that this testimony was wholly irrelevant, it was of such slight importance that we feel sure that a new trial should not have been granted because of its admission.

4. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*